IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AGSTAR FINANCIAL SERVICES, PCA, et al., | ) ) ) CASE NO. 3:11-cv-00280 |
| Plaintiffs, | ) ) JUDGE THOMAS M. ROSE |
| vs. | ) ) ) |
| EASTWOOD DAIRY, LLC, et al., | ) ) |
| Defendants. | ) |

### ORDER CONFIRMING SALE OF RECEIVERSHIP PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

This matter is before the Court on the Receiver's oral Motion for Entry of an Order Confirming the Sale of the Receivership Property Free and Clear of all Liens, Claims and Encumbrances and any Right of Redemption made to the Court on April 10, 2012 (the "Motion"). Pursuant to an *Order Approving Bid Procedures, Setting Sale Hearing and Related Matters*, entered February 24, 2012 (Docket No. 40) (the "Bid Procedures Order"), a sale hearing was set for April 10, 2012 at 2:00 p.m. (the "Sale Hearing").

71977189.1

Based on the Receiver's oral Motion, the Receiver's compliance with the Bid Procedures Order, and the matters discussed at the Sale Hearing, the Court hereby finds as follows:

## FINDINGS OF FACT

A. The Court jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

B. As part of the Motion, Roach & Associates, LLC, who was appointed receiver in the *Order Appointing Receiver* entered November 30, 2011 (Docket No. 20) (the "Receiver") seeks an order confirming the sale of the Receivership Property, which Receivership Property is more fully defined as:

> (1) the real property located in Clark County, Ohio, legally described in Exhibit A-1 to the Notice of: (1) Entry of Order Approving Bidding Procedures for Sale of Receivership Property; and (2) Date and Time of Sale Hearing (Docket No. 41) (the "Notice") and all buildings, structures and fixtures thereon including, but not limited to, all cattle handling systems, manure handling systems, feed storage and handling systems, milking systems, milk storing and handling systems, cleaning systems and water systems, together with replacements, additions and similar equipment hereafter acquired (the "Real Estate"). The Real Estate is commonly known as Eastwood Dairy, 9235 Wildman Road, South Charleston, Ohio 45368.
>
> (2) the personal property specifically identified on Exhibit A-2 to the Notice, as used in the operation of the Real Estate as a going concern (together with the Real Estate, the "Receivership Property").

C. The Sale Hearing was advertised in the Springfield Sun-News for four consecutive weeks, ending with the week of April 2, 2012, and a Notice of Publication has been filed with this Court (Docket No. 43).

71977189.1           2

D. In compliance with the Bid Procedures Order, the Receiver identified Qualified Bidders interested in purchasing the Receivership Property for the purpose of maximizing the value of the Receivership Property.

E. The Qualified Bidders were duly notified of the Sale Hearing and, to the extent each Qualified Bidder chose to, in their discretion, each Qualified Bidder was afforded the opportunity to participate in the sale process at the Sale Hearing.

F. At the Sale Hearing, Miami Valley Dairy, LLC was selected as the Successful Bidder with a bid of $4,890,000.00 (the "Successful Bid") for the Receivership Property.

G. The Successful Bidder was determined by this Court to be the highest and best bid for the Receivership Property.

H. At the Sale Hearing, Inguran, LLC was identified as the Reserve Bidder, with a bid of $4,880,000.00 (the "Reserve Bid") for the Receivership Property.

I. The Court is satisfied that the relief requested in the Motion is proper, and the sale of the Receivership Property to the Successful Bidder is hereby confirmed.

## CONCLUSIONS OF LAW

Accordingly, it is hereby ORDERED that:

1. The Motion is granted in its entirety.

2. The sale of the Receivership Property is a public sale in accordance with all requirements under 28 U.S.C. § 2001 *et seq.*, and appropriate notice has been provided pursuant to 28 U.S.C. § 2001 *et seq.* and any applicable state statutes pertaining to foreclosure sales.

3.  The Court hereby confirms the sale of the Receivership Property to the Successful Bidder for the sum equal to the Successful Bid.

4.  The terms and conditions of the proposed sale, assignment, conveyance and/or transfer of the Receivership Property by the Receiver pursuant to the Asset Purchase Agreement with the Successful Bidder (the "<u>Successful Bidder APA</u>") and the other transactions contemplated thereby are approved in all respects pursuant to 28 U.S.C. § 2001 *et seq.* Accordingly, the Receiver is authorized and directed, in accordance with the terms of this Order, to sell, assign, convey, and/or otherwise transfer the Receivership Property to the Successful Bidder and to execute and deliver all instruments, certificates, documents, or other agreements that may be reasonably necessary or desirable to do in connection therewith.

5.  Closing of the sale of the Receivership Property is to take place within seven (7) business days of the entry of this Order, except that the Receiver may, in its sole discretion, extend the closing date by up to an additional thirty (30) days.

6.  To the extent that the sale of the Receivership Property to the Successful Bidder does not close in compliance with the terms of this Order, the Bid Procedures Order, or the Successful Bidder APA, the Court hereby confirms the sale of the Receivership Property to the Reserve Bidder for the Reserve Bid amount pursuant to the terms of the Asset Purchase Agreement with the Reserve Bidder without the necessity of a hearing or further order of this Court. In such event, for all purposes of this Order, the Reserve Bidder shall be deemed to be the Successful Bidder.

7. The sale of the Receivership Property is free and clear of all: (a) liens, claims, and encumbrances (collectively, the "Liens"); and (b) all debts, obligations arising in any way in connection with any acts or omissions to act of the Receiver or any of the Eastwood Borrowers, and claims against the Receiver, any of the Eastwood Borrowers, or the Receivership Property incurred or arising on or prior to the closing of the sale of the Receivership Property, and all obligations, demands, guaranties, options, rights, licenses, rights of first refusal, conditional sales, purported land installment contracts, judgment liens, tax liens, contractual commitments, restrictions, interests, and matters of or against the Receiver, any of the Eastwood Borrowers, or the Receivership Property of any kind and nature, whether matured or unmatured, liquidated or unliquidated, known or unknown, and whether imposed by agreement, understanding, law, equity, or otherwise (collectively, the "Claims").

8. All Liens and Claims shall attach to the proceeds of sale of the Receivership Property in the same order, priority, and validity as they had on the Receivership Property, and such proceeds will be held by either First American Title Insurance Company or the Receiver, pending further order of this Court.

9. As a result of this Order and confirmation of the sale of the Receivership Property, the Eastwood Borrowers' right of redemption is terminated as a matter of law as of the date and time of the Sale Hearing.

10. Each and every federal, state, local, or foreign governmental agency or department hereby is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order. The sale, assignment, conveyance, and/or transfer of the Receivership

Property is effective and complete notwithstanding third party consents or contractual provisions which otherwise may be needed or rights which otherwise would be violated by the sale of the Receivership Property contemplated in this Order and authorized hereby.

11. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, local and foreign officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Receivership Property. The Successful Bidder may file a copy of this Order with any of the foregoing, and such filing shall constitute public notice of all matters referenced in this Order.

12. The provisions of this Order authorizing the sale of the Receivership Property free and clear of Liens and Claims shall be self-executing, and neither the Receiver nor the Successful Bidder shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and/or implement the provisions of this Order with respect to such sale; provided, however, that the foregoing shall not excuse such parties from performing any and all of their respective obligations under this Order or under the Successful Bidder APA. If any person or entity that has filed financing statements or other

documents or agreements evidencing Liens on or interests in the Receivership Property shall not have delivered to the Receiver prior to the closing of the sale of the Receivership Property, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all Liens or other interests which the person or entity holds or asserts with respect to the Receivership Property, the Receiver is hereby authorized and directed (and the Successful Bidder is also hereby authorized) to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Receivership Property.

13. Except as expressly set forth in this Order or in the Successful Bidder APA, the Successful Bidder shall have no liability or responsibility for any liability or other obligation of any of the Eastwood Borrowers or the Receiver arising under or related in any manner whatsoever to the Receivership Property, nor shall the Successful Bidder have any liability or responsibility to any former, present, or future employee or agent of the Receiver or any of the Eastwood Borrowers. Without limiting the effect or scope of the foregoing, the transfer of the Receivership Property from the Receiver to the Successful Bidder, and the consummation of the other transactions contemplated in this Order and in the Successful Bidder APA, do not and will not by reason of such transfer subject the Successful Bidder to any liability for claims against the Receiver, any of the Eastwood Borrowers, or the Receivership Property under the laws of the United States, any state, territory, or possession thereof applicable to such transactions. The Successful Bidder shall not be deemed, as a result of any action taken in connection with the sale and purchase of the

Receivership Property and the consummation of any other transactions contemplated by this Order, to (a) be the successor of any of the Eastwood Borrowers; (b) have, *de facto* or otherwise, merged with or into any of the Eastwood Borrowers; (c) be a continuation or substantial continuation of any of the Eastwood Borrowers or any enterprise of any of the Eastwood Borrowers; or (d) be responsible for any liability of any of the Eastwood Borrowers or the Receiver or for payment of any benefit accruing to any of the Eastwood Borrowers or the Receiver; provided, however, that nothing contained in this Order shall prevent the applicable county government authority from collecting the transfer tax due to such entity associated with the transfer of the Receivership Property by the Receiver to the Successful Bidder. Except as set forth in the Successful Bidder APA, the Successful Bidder is not purchasing or assuming any liability, warranty, or obligation of any of the Eastwood Borrowers or the Receiver, and the Successful Bidder shall not be liable for any claims against any of the Eastwood Borrowers or the Receiver.

14. The Successful Bidder is a purchaser of the Receivership Property in good faith as determined in accordance with applicable law.

15. Unless consented to by the Successful Bidder, no subsequent order of this Court may conflict with the terms or provisions of this Order, and this Order shall survive entry of, and shall govern with respect to any conflict with, any subsequent order.

16. The Receiver and its counsel and agents and the Successful Bidder are hereby authorized and directed to execute such documents as are necessary or

desirable to carry out the sale of the Receivership Property by the Receiver pursuant to this Order.

17. Upon the closing of the sale of the Receivership Property, the Successful Bidder shall be entitled to immediate possession of the Receivership Property and, if necessary, a writ of possession shall issue from this Court for such purposes; and the Successful Bidder is hereby subrogated to all rights of the lienholders as to the Receivership Property as may be necessary to protect its title to the same.

18. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to this Order.

19. This Order constitutes the Confirmation Order described in the Receiver's Motion for Entry of an Order (1) Authorizing Sale of Receivership Property Free and Clear of Liens, Claims, and Encumbrances; (2) Approving Bid Procedures with Regard to Sale of Receivership Property; (3) Scheduling Sale Hearing; and (4) Approving Other Matters Related to the Sale of Receivership Property Motion (Docket No. 33).

SO ORDERED on April 10, 2012.

THOMAS M. ROSE
U.S. District Court Judge