# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| AGSTAR FINANCIAL SERVICES, PCA, *et al.*, | CASE NO. 3:11-cv-00280 |
| Plaintiffs, | JUDGE THOMAS M. ROSE |
| vs. | |
| EASTWOOD DAIRY, LLC, *et al.*, | |
| Defendants. | |

## DEFAULT JUDGMENT ENTRY

This matter is before the Court on an Application for Default Judgment Against Defendants Pursuant to Rule 55 of the Federal Rules of Civil Procedure (ECF No. 48), filed on May 1, 2012, by Plaintiffs AgStar Financial Services, PCA ("AgStar PCA") and AgStar Financial Services, FLCA ("AgStar FLCA", and collectively, "AgStar"). The Plaintiffs ask the Court to enter judgment by default against Defendants Eastwood Dairy, LLC ("Eastwood Dairy") and Eastwood Dairy, an Ohio general partnership (the "Dairy Partnership", and together with Eastwood Dairy, the "Defendants").

On August 8, 2011, the Plaintiffs filed a Complaint for Breach of Contract, Foreclosure and Other Relief (ECF No. 1), to which is attached an Appendix containing Exhibits referenced in the Complaint.

On August 9, 2011, the Defendants were served with a Summons and a copy of the Complaint by personal process server. (ECF No. 29-1) On August 10, 2011, the Defendants filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and thereafter filed a Notice of Filing and Suggestion of Stay in this action on August 12, 2011. (ECF No. 14) Thereafter, on November 30, 2011, the bankruptcy stay was lifted and this case resumed on the Court's active docket. (ECF No. 19) The Defendants were required to serve an answer to the Complaint within 21 days of the automatic stay being lifted on November 30, 2011 (i.e., by December 21, 2011). The Defendants failed to answer or otherwise plead in response to the Complaint, and on February 3, 2012, this Court entered default against the Defendants. (ECF No. 32)

From a review of the record in this case, it appears that the Defendants have been duly served with process to appear and answer the Complaint in accordance with the rules of this Court; that Defendants failed to appear and answer the Complaint; and that the Clerk has entered Default against Defendants.

The Court finds that, pursuant to the terms of the FLCA Note (as that term is defined in the Complaint) and as supported by the Affidavit of Joe Oliver, which is included in the Appendix as Exhibit A, AgStar FLCA is entitled to damages for breach of the FLCA Note in the amount of $1,412,654.67, plus interest at the default rate of 5.75% per annum from August 8, 2011, on the unpaid principal balance of $1,411,772.31.

The Court further finds that, pursuant to the terms of the PCA Note (as that term is defined in the Complaint) and as supported by the Affidavit of Joe Oliver, AgStar PCA is entitled to damages for breach of the PCA Note in the amount of $2,255,994.61, plus interest at the default rate of 6.25% per annum from August 8, 2011, on the unpaid principal balance of $2,219,599.92.

The Court further finds that, pursuant to the terms of the Reimbursement Agreement, AgStar FLCA is entitled to damages for breach of the Reimbursement Agreement in the amount of $2,750,000.00, plus interest at the default rate of 5% per annum.

The Court further finds that the Property (as that term is defined in the Complaint) secured the amounts due and owing to the Plaintiffs; that the FLCA Mortgage is a valid and subsisting first lien on the Mortgaged Premises (as the term is defined in the Complaint and more particularly described in Exhibit H in the Appendix) owned by Defendant Eastwood Dairy, LLC; that the PCA Mortgage, which Mortgage secured the PCA Note is a valid and subsisting second lien on the Mortgaged Premises junior only to the FLCA Mortgage.

The Court further finds that by virtue of the security interest granted in the PCA Security Agreement and the FLCA Security Agreement (as those terms are defined in the Complaint) the amounts due and owing to Plaintiffs are further secured by the Collateral; that by virtue of the security interest granted to AgStar PCA pursuant to the PCA Security Agreement, AgStar PCA has a properly perfected security interest in the Collateral, which interest is a valid and subsisting first lien on the Collateral (as the term is defined in the Complaint and more particularly described in Exhibit E to the

Complaint) owned by Defendants (the "PCA Security Interest"); that by virtue of the security interest granted to AgStar FLCA pursuant to the FLCA Security Agreement AgStar FLCA has a properly perfected security interest in the Collateral which interest is a valid and subsisting second lien on the Collateral (the "FLCA Security Interest").

The Court further finds that the Property was sold by the Receiver, Roach & Associates, on April 10, 2012, pursuant to and consistent with the terms of the Court's February 24, 2012, Order Approving Bid Procedures, Setting Sale Hearing Date and Related Matters (ECF No. 40), to Miami Valley Dairy, LLC (the "Purchaser") for the amount of $4,890,000 (the "Purchase Price"), which sale was confirmed by this Court in an Order dated April 11, 2012 (ECF No. 45). The Court further finds that the sale closed on April 26, 2012, and the Purchase Price, less certain deposit and adjustment amounts, was paid by the Purchaser (the "Sale Proceeds") and were distributed by the Receiver to AgStar pursuant to this Court's June 4, 2012 Order Authorizing Disbursements of Proceeds to AgStar Financial Services, FLCA and AgStar Financial Services, PCA (ECF No. 52).

For these reasons, the Court GRANTS the Plaintiffs' Application for Default Judgment Against Defendants Eastwood Dairy, LLC and Eastwood Dairy, an Ohio General Partnership, Pursuant to Rule 55 of the Federal Rules of Civil Procedure (ECF No. 57).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that, on the First Claim for Relief (breach of contract on the FLCA Note), judgment is entered in favor of Plaintiff AgStar Financial Services, FLCA against Defendant Eastwood Dairy, LLC, pursuant to the FLCA Note in the amount of $1,412,654.67 (constituting principal in the

amount of $1,411,772.31, accrued and unpaid interest in the amount of $882.36), plus interest at the default rate of 5.75% per annum from August 8, 2011, on the principal balance of $1,411,772.31 (the "FLCA Note Judgment").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that, on the Second Claim for Relief (breach of contract on the PCA Note), judgment is entered in favor of Plaintiff AgStar Financial Services, PCA against Defendant Eastwood Dairy, LLC, pursuant to the PCA Note in the amount of $2,255,994.61 (constituting principal in the amount of $2,219,599.92, accrued and unpaid interest in the amount of $36,394.69), plus interest at the default rate of 6.25% per annum from August 8, 2011, on the principal balance of $2,243,163.93 (the "PCA Judgment").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, on the Fifth Claim for Relief (Breach of Reimbursement Agreement), judgment is entered in favor of Plaintiff AgStar Financial Services, FLCA, against Defendant Eastwood Dairy, LLC in the amount of $2,750,000.00 plus default interest at the rate of 5% per annum (the "FLCA Reimbursement Judgment" and, together with the FLCA Note Judgment, the "FLCA Judgment").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, on the Third Claim for Relief:

1. The FLCA Mortgage is declared to be a valid and subsisting first lien on the Mortgaged Premises, which lien was effectively transferred to the proceeds of sale with the same priority and in the amount of the FLCA Judgment pursuant to the Court's April 11, 2012, Order Confirming Sale of Receivership Property Free and Clear of all Liens, Claims and Encumbrances (ECF No. 45);

2. The PCA Mortgage is declared to be a valid and subsisting second lien on the Mortgaged Premises as now transferred to the Sale Proceeds with the same priority and in the amount of the PCA Judgment;

3. The PCA Security Interest is declared a valid and subsisting first lien on the Collateral as now transferred to the Sale Proceeds with the same priority and in the amount of the PCA Judgment;

4. The FLCA Security Interest is declared a valid and subsisting second lien on the Collateral as now transferred to the Sale Proceeds with the same priority and in the amount of the FLCA Judgment; and

5. All Defendants are forever barred from asserting claims or interests in the Property.

SO ORDERED on August 7, 2012.

s/Thomas M. rose
THOMAS M. ROSE
U.S. District Court Judge